IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGIA APPELLATE PRACTICE AND EDUCATIONAL RESOURCE CENTER,** 104 Marietta Street NW, Suite 260 Atlanta, GA 30303       **Plaintiff,** v. **DRUG ENFORCEMENT ADMINISTRATION,** 8701 Morisette Drive, Springfield, VA 21152 **U.S. DEPARTMENT OF JUSTICE,** 950 Pennsylvania Ave. NW, Washington, D.C. 20530       **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

1. Plaintiff GEORGIA APPELLATE PRACTICE AND EDUCATIONAL RESOURCE CENTER brings this suit to force Defendants DRUG ENFORCEMENT ADMINISTRATION and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding the homicide of a DEA informant.

## PARTIES

2. Plaintiff GEORGIA APPELLATE PRACTICE AND EDUCATIONAL RESOURCE CENTER ("GRC") is a 501(c)(3) non-profit law office established in 1988 to provide free, high-quality representation to people on Georgia's death row, in state and federal habeas corpus proceedings challenging their capital convictions and death sentences, and in clemency

proceedings before the Georgia Board of Pardons and Paroles. GRC is the FOIA requester in this case.

3. Defendant DRUG ENFORCEMENT ADMINISTRATION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MAY 10, 2022 FOIA REQUEST TO DEA

7. On May 10, 2022, GRC submitted a FOIA request to DEA for records regarding Michael Kelly Deal, including the following:

> (1) Any relationship, contacts, or communications between Mr. Deal and the DEA, its agents and representatives, or anyone working on its behalf in any capacity. (As indicated in the attached exhibit from the Georgia Bureau of Investigation's case file concerning Mr. Deal's death, Mr. Deal may have been a confidential informant for the DEA.)
>
> (2) Any involvement by the DEA in the investigation of the homicide of Mr. Deal, whose death occurred on or about on July 24, 2001, at the Chatham County Detention Center, in Savannah, Georgia.
>
> (3) Mr. Deal's participation and/or assistance in any investigation into and/or prosecution of any of the following individuals: Leon McKinney; Michael Anthony Wilson; Dewey David Anderson, Jr.; Anthony Laborsha King; John Wesley McMillan, V; Joseph Williams; Pierre Antonio "Tony" Byrd.
>
> (4) A law enforcement officer named Russell ("Rusty") Smith, SSN: [redacted], who is known to have worked for the Sheriff of Chatham County, Georgia, and a Chatham County-Savannah "Counter-Narcotics Team," but who may have worked for other agencies as

well, and who may have been a liaison between local law enforcement agencies and the DEA.

(5) Any other records, files, or information concerning any of the above-named individuals.

8. GRC sought expedited processing for the request.

9. GRC attached Mr. Deal's death certificate to the request, in addition to a document from the Georgia Bureau of Investigation's case file concerning Mr. Deal's death, which states that DEA "wished to interview inmates involved in this investigation because inmate Michael Deal was a confidential informant for the DEA."

10. True and correct copies of the FOIA request and both attachments are included in Exhibit 1.

11. On May 19, 2022, DEA issued a response to the request. Regarding items one and three, DEA refused to confirm or deny the records pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) and (b)(7)(F). Regarding items four and five, DEA refused to confirm or deny the records pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). DEA did not locate any records in response to item two.

12. A true and correct copy of the response is attached as Exhibit 2.

13. On August 13, 2022, GRC administratively appealed DEA's response to the FOIA request.

14. A true and correct copy of the appeal is attached as Exhibit 3.

15. On December 5, 2022, DOJ denied the administrative appeal.

16. A true and correct copy of the appeal response is attached as Exhibit 4.

17. DEA did not send any further correspondence to Plaintiff regarding this request.

18. As of the date of this filing, DEA has failed to make any responsive records available to Plaintiff.

19. Plaintiff's client, Mr. Joseph Williams, was convicted of homicide and sentenced to death for the homicide of Mr. Deal. Mr. Williams is currently on death row in Georgia, and there is active litigation pending in his case.

20. The requested records may contain exculpatory information that may have been wrongfully suppressed by the State of Georgia when it sought a conviction and death sentence against Mr. Williams.

21. There is a strong public interest in ensuring that the death penalty is administered in a fair and lawful manner, that individuals are not sentenced to death on the basis of unreliable, incomplete, or false evidence, and that innocent people are not executed.

22. There is a strong public interest in ensuring that state convictions were not procured through the prosecution's wrongful suppression of exculpatory information.

23. Mr. Deal's privacy interests are diminished by his death.

## COUNT I – DEA'S FOIA VIOLATION

24. The above paragraphs are incorporated by reference.

25. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

26. Defendant DEA is a federal agency subject to FOIA.

27. DEA failed to grant expedited processing in violation of the statute.

28. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

29. Defendant DEA has failed to conduct a reasonable search for records responsive to the request.

30. Defendant DEA has failed to issue a determination within the statutory deadline.

31. Defendant DEA has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that DEA has violated FOIA;

ii. order DEA to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin DEA from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: February 27, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
GEORGIA APPELLATE PRACTICE AND
EDUCATIONAL RESOURCE CENTER

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com